**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| BERNADINE BURKE O/B/O LAGARIA ANDREWS | * * * | |
| Claimant, | * * | |
| vs. | * * | CASE NO.  5:08-CV-88-HL-GMF |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | * * * * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |

**REPORT AND RECOMMENDATION**

Plaintiff, Bernadine Burke, on behalf of her minor son, Claimant Lagaria Andrews, filed an application for Child's Supplemental Security Income.  The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied the application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations.  Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).   The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C.A. § 1382c(a)(3)(C)(i). Therefore, eligibility depends upon the presence of "marked and severe functional limitations." *See Welfare Reform Act*, Title II, Subtitle B, § 211(a)(4). A sequential evaluation process is used to determine if the child meets the statutory definition of disability. 20 C.F.R. § 416.924, *et seq.* Step one requires the ALJ to

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

determine whether the child is engaging in substantial gainful activity. If so, then the claim is denied. Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations. If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations. To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a). A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id.* An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(i).

**Issues**

I.     **Whether the ALJ erred in evaluating evidence from Claimant's treating psychiatrist.**

II.    **Whether the ALJ erred in evaluating Claimant's school records.**

**Administrative Proceedings**

Plaintiff, Bernadine Burke, is the mother of Lagaria Andrews (hereinafter "Claimant"). Claimant was born on September 5, 1990. (T-63). The Plaintiff filed an application for Child's Supplemental Security Income on or about May 17, 2002. (T-71-73). Plaintiff filled out a Disability Report on May 13, 2002, indicating that Claimant was disabled because of an inability to pay attention in class, slow learning, mental retardation, depression, and suicide. (T-120). The record also indicates that Claimant suffers from ADHD. Claimant's previous claim for Social Security disability benefits was denied on April 17, 2000. (T-130). For the pending claim, a hearing was held before the Administrative Law Judge on July 20, 2004, and again on November 28, 2006, after further development of the record. (T-297-322, 323-352). On April 24, 2007, the ALJ found that Claimant was not disabled. (T-15-25). Plaintiff filed a request for review of the ALJ's decision. On January 25, 2008, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-5-7).

**Discussion**

I.     **Whether the ALJ erred in evaluating evidence from Claimant's treating psychiatrist.**

Claimant assigns error, generally, to the ALJ's evaluation of the evidence in his case. Claimant particularly challenges the ALJ's treatment of the opinions of Ronnie Blount,

M.D. ("Dr. Blount"), Claimant's psychiatrist. It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id.* The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §

5

404.1527(a); *see also* SSR 96-5p.  An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing.  20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p.  Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability."  20 C.F.R. § 404.1527(e); *see also* SSR 96-5p.  The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error.

In this case, it is found that the ALJ reviewed the entire record and discussed the evidence at length.  Regarding the ALJ's treatment of Dr. Blount's opinions, the ALJ particularly discussed and afforded great weight to Dr. Blount's treatment notes. (T-17, 22, 23).  The ALJ afforded less weight to Dr. Blount's four written statements, which he characterized as "adjudicatively oriented," inconsistent with the Dr. Blount's own progress notes, and contrary to the testimony of the psychological expert at the hearing. (T-22).  The ALJ did not err in discounting Dr. Blount's written statements; his reasons constitute good cause and his evaluation is supported by substantial evidence.

Within the same general issue, Claimant argues that the ALJ erred in dismissing Dr. Blount's opinions solely because the record did not contain Dr. Blount's underlying treatment records from January 2003 to 2006. (R-11, p. 11).  Claimant contends that the ALJ should have tried to more fully develop the record and should have re-contacted Dr. Blount for clarification.  *Id*.  As a preliminary matter, Claimant mis-characterizes the ALJ's

decision when he asserts that the ALJ dismissed Dr. Blount's opinions "simply because he did not have underlying treatment records." (R-11, p. 11). This was not, as Claimant implies, the only reason the ALJ cited for discounting Dr. Blount's opinion letters. As discussed above, the ALJ's decision to discount Dr. Blount's opinion letters was supported by reasons constituting good cause and substantial evidence.

Regarding Claimant's assertion that the ALJ erred by failing to develop the record, it is true that because a hearing before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and fair record. An ALJ must be especially diligent, when a claimant is not represented by counsel and has not waived the right to counsel, to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981). In the instant action, the record demonstrates that plaintiff was represented by counsel. Thus, the ALJ's duty was not a special duty.

In the July 20, 2004, hearing, Claimant's attorney noted that he had yet to submit treatment records from Dr. Blount after January 7, 2003. (T-299-300). The ALJ consented to Claimant's attorney's request to leave the record open for two weeks for the addition of evidence. (T-321). When the hearing was reopened on November 28, 2006, Claimant's attorney stated, "I think you have sufficient evidence, Judge . . . . [W]hile there are more recent records, they would be largely duplicative of what you already have." (T-325-26). Claimant assigns error to the ALJ's statement that Dr. Blount's opinion letters were written "well after the record shows any treatment by the doctor." (T-22). Claimant mistakenly argues that "[t]he implication in the ALJ's statement is that Dr. Blount did not treat Mr.

7

Andrews after that time." (R-11, p. 10). In fact, in the challenged statement, the ALJ merely indicates that at the time of the ALJ's Findings the record still did not contain Dr. Blount's treatment records after January 2003. (T-22). Claimant acknowledges the absence of such records in his brief. (R-11, p. 10). Furthermore, the initial burden of establishing disability is on the claimant, not the Commissioner. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). If Claimant believed that medical evidence was missing from the record, then the burden was upon him to bring forth this evidence.

Claimant also challenges the ALJ's failure to re-contact Dr. Blount. (R-11, p. 12). The ALJ has a duty to re-contact a medical source if the basis of that medical source's opinion is not clear. *See* 96-5p. The code section applicable to this issue is 20 C.F.R. § 416.912(e). Subsection (e) specifically states that medical sources will be re-contacted when the evidence is inadequate to determine whether a claimant is disabled. In this case, although Claimant states that the ALJ erred, he has failed to provide any evidence that the record was inadequate for the ALJ to make a determination. Medical evidence is not "inadequate" simply because it fails to support Claimant's allegations. *See* 20 C.F.R. § 416.912(e).

It is true that because a hearing before an ALJ is not an adversarial proceeding, an ALJ has a basic duty to develop a full and fair record. However, the failure of Claimant to present adequate medical evidence to support his alleged impairments does not create a duty of the ALJ to seek and produce such evidence for him. The record demonstrates that the ALJ fulfilled his duty to develop a full and fair record. The ALJ's decision is supported by substantial evidence, and the ALJ applied the proper legal standards.

**II.    Whether the ALJ erred in evaluating Claimant's school records.**

To support his general claim that the ALJ erred in his evaluation of Claimant's

evidence, Claimant pays particular attention to the ALJ's treatment of Claimant's school records. (R-11, p. 13). Claimant particularly focuses his argument on Dr. Prigitano's finding, claiming that Dr. Prigitano found numerous areas of weakness and recommended significant supports at home and at school. *Id*. In fact, the ALJ discussed Dr. Prigatano's findings at length (T-18-19) and assigned them great weight in ultimately concluding that Claimant had no disability. (T-23).

Claimant assigns further error to the ALJ's evaluation of Claimant's teachers' opinions. It is true that teachers' opinions are not weighed in the same manner as physicians' opinions. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir.1997) (testimony of a treating physician must be given substantial or considerable weight unless good cause is shown). Teachers opinions are treated differently because they do not constitute an "acceptable medical source." It is the claimant's burden to prove disability by submitting evidence from an acceptable medical source. 20 C.F.R. § 404.1513. The Commissioner's regulations specifically state that for purposes of mental retardation, learning disabilities, and borderline intellectual functioning, acceptable medical sources are "school psychologists, or other licensed or certified individuals with other titles who perform the same function as a school psychologist in a school setting." 20 C.F.R. § 404.1513(a)(2). Teachers are described as "other sources" which the Commissioner "may" consider. *Id.* The ALJ afforded great weight to the teacher questionnaires, recognizing the teacher's day-to-day contact with the claimant as enhancing the probative value of the opinions. (T-23). The Court finds no error in the ALJ's consideration of the teacher opinions.

Regarding Claimant's contention that the teacher questionnaires were unreliable because they were completed over four years prior to the ALJ's decision, as discussed above,

9

the Claimant cannot rely on the ALJ's duty to develop a full and fair record as a substitute for his own burden to prove his disability. Moreover, if Claimant feels that his condition deteriorated after the decision of the ALJ, he should file a new application, as any subsequent deterioration is not relevant to Claimant's condition prior to the date of the ALJ's decision. *Wilson v. Apfel*, 179 F.3d 1276, 1279.

Accordingly, this Court finds no error in the ALJ's evaluation of Claimant's school records.

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 19th Day of December, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml